UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-2233 (ABJ) |
| | ) | |
| $47,000 IN U.S. FUNDS ASSOCIATED WITH JP MORGAN CHASE ACCOUNT NOS. XXXXXX3282, XXXXX0170, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, the United States of America, filed a verified complaint in this case seeking forfeiture of $47,000 in funds associated with two JP Morgan Chase account numbers, 3379963282 and 786250170 ("defendant funds"). Verified Compl. for Forfeiture *In Rem* [Dkt. # 1] ("Compl.") ¶¶ 1–2. Plaintiff claims that defendant funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property constituting or derived from proceeds of wire fraud in violation of 18 U.S.C. § 1343, and subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering in violation of 18 U.S.C. §§ 1956 or 1957. *Id.* ¶¶ 3–4, 28–37.

Pending before the Court is plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* Pl.'s Mot. for Entry of Default J. and Order of Forfeiture [Dkt. # 9] ("Pl.'s Mot.") at 1; Mem. of Law. in Supp. of Pl.'s Mot. [Dkt. # 9-1] ("Pl.'s Mem."). Upon consideration of the record in this case, plaintiff's unopposed motion will be granted, and the United States will be entitled to forfeiture of the defendant funds.

## BACKGROUND

The instant case involves an "email spoofing" scheme,[1] which induced two home-buyers (the "victims") to wire money to two bank accounts that were purportedly owned by Coldwell Banker Real Estate LLC ("Coldwell"). Compl. ¶ 9. The victims are married and reside in Virginia. *Id.* ¶ 10. In the process of purchasing a home, they corresponded with a Coldwell realtor using the email domain name "@cb**m**ove.com." *Id.* They also legitimately wired $16,000 to Coldwell as part of the real estate purchase. *Id.* ¶¶ 10–11.

On November 27, 2015, the victims received a spoofed email from the email domain name "@cb**rn**ove.com," which had replaced the "m" in the domain name with an "r" and an "n." Compl. ¶¶ 13–14. When placed next to each other, these letters appear to be an "m." *Id.* ¶ 14. This email instructed the victims to wire $10,000 to a bank account in Elkhart, Indiana. *Id.* ¶ 13. Believing that this email was from the Coldwell realtor, the victims complied. *Id.* ¶ 15. Subsequently, on December 1, 2015, the victims received a second email from the same spoofed email domain name ("@cb**rn**ove.com"), instructing the victims to wire an additional $55,000 to a bank account in McKinney, Texas. *Id.* ¶¶ 9, 16. The victims again complied with the request and sent $55,000 to an account that the government has since determined to be in the name of "Money Mover 2." *Id.* ¶¶ 16–17.

On December 2, 2015, Money Mover 2 requested a cashier's check in the amount of $47,000 to be made payable to another known potential claimant, "Money Mover 1." Compl. ¶ 20. Money Movers 1 and 2 deposited the money across two joint J.P. Morgan Chase accounts numbered 786250170 and 3379963282. *Id.* ¶¶ 21–22. As of December 17, 2015, there was $2,000

---

1     Email spoofing includes "modifying the information on an email header so that the email appears to have originated from one source or sender when actually it originated from a different source." Compl. ¶ 9.

in account number 786250170, and $45,000 in account number 3379963282, totaling $47,000. *Id.* ¶¶ 23–25. The government seized these funds on December 17, 2015 pursuant to a judicially authorized seizure warrant. *Id.* ¶ 25; Warrant for Arrest *In Rem* [Dkt. # 3].

On October 27, 2017, plaintiff commenced this forfeiture *in rem* action by filing a verified complaint seeking the forfeiture of defendant funds. *See generally* Compl. Beginning on November 29, 2017, plaintiff published notice of this action on the official government forfeiture website, http://www.forfeiture.gov, for thirty consecutive days pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a). Aff. in Supp. of Default [Dkt. # 7] ("Aff.") ¶ 6; *see also* Fed. R. Civ. P., Supp. R. for Admiralty or Mar. Claims & Asset Forfeiture Actions ("Supplemental Rules") G(4); Serv. by Publication [Dkt. # 4].[2] Plaintiff also provided direct notice to Money Movers 1 and 2, the only known potential claimants of defendant funds, via Federal Express on approximately November 17, 2017 pursuant to Supplemental Rule G(4)(b). Aff. ¶ 5. No party has come forward to claim an interest in defendant funds, and the time for filing a claim has expired. *Id.* ¶¶ 2, 7.[3]

---

[2] The Supplemental Rules apply to *in rem* forfeiture actions that arise from the violation of various statutes. *See* Supplemental Rule A(1)(B) ("These Supplemental Rules apply to: . . . forfeiture actions in rem arising from a federal statute."); *United States v. $17,900.00 in U.S. Currency*, 859 F.3d 1085, 1087–88 (D.C. Cir. 2017) ("[C]ontemporary civil forfeiture in the federal system is a creature of statute, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the Federal Rules of Civil Procedure.") (citation omitted). Supplemental Rule G(4) governs notice procedures for *in rem* forfeiture actions. *See* Supplemental Rule G(4).

[3] The deadline for filing a claim against a defendant property under Supplemental Rule G(4)(a) is sixty days after the first day of publication on the official government forfeiture site. Supplemental Rule G(5)(a)(ii)(B). The deadline for filing a claim under Supplemental Rule G(4)(b) is thirty-five days after notice is sent. *Id.* G(4)(b)(ii)(B).

On February 1, 2018, the Clerk of Court entered default against defendant pursuant to Federal Rule of Civil Procedure 55(a). Clerk's Entry of Default [Dkt. # 8]. Plaintiff has requested that the Court enter a default judgment. *See generally* Pl.'s Mot.; Pl.'s Mem.

## STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the Clerk of Court enters a default, a party may move for default judgment pursuant to Federal Rule of Civil Procedure 55(b). *See* Fed. R. Civ. P. 55(b). Although there is a general "federal policy favoring trial over default judgment," *Whelan v. Abell*, 48 F.3d 1247, 1258 (D.C. Cir. 1995), "when the adversary process has been halted because of an essentially unresponsive party . . . , the diligent party must be protected" by awarding a default judgment. *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 965 (D.C. Cir. 2016), quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curium) (omission in original).

A trial court has discretion to determine whether a default judgment is appropriate. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002), citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Upon entry of default by the Clerk of Court, a defaulting defendant is considered to "admit every well-pleaded allegation in the complaint." *Id.*, citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.*, citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Accordingly, when moving for

4

a default judgment, a plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.*, citing *Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*, citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

**ANALYSIS**

Here, plaintiff has shown that it is entitled to an entry of default judgment against defendant funds and an order of forfeiture with respect to these funds. Plaintiff's verified complaint establishes the facts necessary to support a civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) as funds that were derived from money laundering and wire fraud respectively. *See generally* Compl. Furthermore, plaintiff has demonstrated that it has satisfied the procedural notice requirements set forth in the Supplemental Rules. *See* Pl.'s Mem. at 4–5.

Plaintiff has complied with Supplemental Rule G(4)(a)'s notice by publication requirements by posting notice on http://www.forfeiture.gov, an official government forfeiture website, for thirty consecutive days. Aff. ¶ 6; *see* Supplemental Rule G(4)(a)(iv)(C).[4] And plaintiff has further complied with Supplemental Rule G(4)(b)'s direct notice requirements by

---

4     "A judgment of forfeiture may be entered only if the government has published notice of the action [for unknown potential claimants] within a reasonable time after filing the complaint . . . ." Supplemental Rule G(4)(a)(i). Supplemental Rule G(4)(a)(iv) lists acceptable means of publication, including publishing notice on an official government forfeiture website for at least thirty consecutive days. *Id.* G(4)(a)(iv)(C).

5

sending notice to the only known potential claimants, Money Movers 1 and 2, via Federal Express. Aff. ¶ 5; Supplemental Rule G(4)(b)(iii)(A).[5]

No party has sought to claim or defend the funds contained in the bank accounts, and the time to file a claim has long since expired pursuant to the Supplemental Rules. Aff. ¶¶ 2, 7; *see* Supplemental Rule G(5)(a)(ii)(B). Based on the record of this case, therefore, the Court finds that plaintiff is entitled to forfeiture of the defendant funds.

---

[5] The government must send direct notice of the action and a copy of the complaint to any known potential claimant. Supplemental Rule G(4)(b)(i). "[N]otice must be sent by means reasonably calculated to reach the potential claimant." *Id.* G(4)(b)(iii)(A). This standard derives from the constitutional notice standard. *See Mullane v. Centr. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (citations omitted); *see also* Supplemental Rule G(4)(b) Advisory Comm. Notes 2006 Adoption ("Rule G expressly recognizes the due process obligation to send notice to any person who reasonably appears to be a potential claimant."). And notice by mail is sufficient to satisfy the direct notice requirement. *See United States v. $4,620 in U.S. Currency*, 779 F. Supp. 2d 65, 67 (D.D.C. 2011) (finding that notice via direct mail to known claimants was sufficient to satisfy the direct notice requirements of Supplemental Rule G(4)(b)).

## CONCLUSION

Accordingly, pursuant to Rule 55(b)(2), the Court will grant plaintiff's motion for default judgment as to defendant *in rem* $47,000 in U.S. Funds Associated with JP Morgan Chase Account Numbers 786250170 and 3379963282, and it will order forfeiture of the sum contained within those accounts to plaintiff with instructions to return the sum to the victims in the instant case.[6]

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: June 15, 2018

---

6   This instruction is consistent with plaintiff's request that the Court "direct that the [d]efendant [f]unds be disbursed to the [v]ictims." Pl.'s Mem. at 8.